DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas that found that appellant had violated the terms and conditions of his community control sanction and imposed a term of imprisonment. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "Appellant's sentence should be reversed pursuant to ORC2953.08(G)(2) since the probation revocation and sentence were not supported by the record."
 {¶ 4} On March 7, 2002, appellant entered guilty pleas to two counts of forgery and one count of theft. The judgment entry contained in the record indicates that the trial court determined at that time that appellant was a candidate for community control sanctions. The trial court sentenced appellant to five years of community control for each conviction, with the sentences to be served concurrently. The trial court further informed appellant that prison terms of 11 months on each conviction could be imposed if he failed to comply with the terms of his community control, and that the prison terms would be ordered to be served consecutively. The trial court then set forth the conditions of appellant's community control. Appellant did not appeal this judgment.
 {¶ 5} The record further reflects that on August 8, 2002, appellant was brought before the trial court to show cause why his community control sanctions should not be revoked and sentence imposed. In a judgment entry filed August 9, 2002, the trial court found that appellant had violated the terms and conditions of his community sanctions by leaving the county without permission, failing to report to the Adult Probation Department, failing to secure employment, and failing to obtain counseling. The trial court revoked appellant's community sanctions and imposed the three prison sentences originally ordered to be served. It is from that judgment that appellant appeals.
 {¶ 6} Appellant first argues that the finding that he violated his community control was not supported by sufficient evidence. He describes some of the violations as "petty and insubstantial" and attempts to explain away the others. Appellant asserts that his failure to appear was not a willful violation because he was evicted from his apartment and had no choice but to go to another county to live with his parents. He further asserts that his failed drug screens were a result of drugs that were already in his system from before he was placed on probation. As to these two violations, appellant's probation officer testified that appellant was to appear once every two weeks but that despite his calls to appellant he never came in after the first appointment. The probation officer testified that he did not know where appellant was at that time although he later learned that appellant was arrested in another county and that appellant had not been granted permission to leave Erie County. He also testified that appellant tested positive for marijuana on March 7 and March 14, 2002, and that one of the conditions of his probation was that he not use narcotics.
 {¶ 7} As to the remainder of his violations, appellant attempts to minimize them by arguing that they were violations of the general conditions of probation for all probationers and states that there is no evidence he ever received a copy of those conditions. The record reflects that appellant's probation officer further testified that appellant was fined and sentenced to jail in Knox County for passing bad checks and that violating the law and failing to let his probation officer know about the new charges were also violations of his probation. The trial court also heard testimony that appellant had failed to provide any documentation of participation in a drug program or of employment. Further, appellant had failed to pay his court costs. As to appellant's claim that there was no evidence he received a copy of the conditions of his probation, the trial court noted at the revocation hearing that appellant was advised of those conditions at the time of the original hearing. The state commented that the probation officer had a signed copy of the conditions of probation, which the state showed to defense counsel. The trial court then told appellant it appeared he had been advised of the conditions and appellant stated, "All right." This argument is without merit.
 {¶ 8} Next, appellant argues that the three consecutive jail sentences imposed at the March 7, 2002 hearing were not supported by the record, and that the trial court failed to comply with the requirements of R.C. 2929. 14 for imposition of greater than minimum and consecutive sentences. We are unable to review this claimed error for two reasons.
 {¶ 9} First, appellant's sentences were imposed at the March 7, 2002 hearing and journalized March 8, 2002. Appellant did not timely appeal from that judgment and has not sought leave to file a delayed appeal
 {¶ 10} Second, this court does not have before it the transcript of the original sentencing hearing, which is required in order to consider whether the trial court fully complied with the requirements of R.C. 2929. 14. See State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 11} Based on the foregoing, this court finds that appellant's arguments are without merit and his sole assignment of error is not well-taken.
 {¶ 12} On consideration whereof, this court finds that appellant was not prejudiced and the judgment of the Erie County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED.
Lanzinger and Singer, JJ., concur.